IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JACK NELSON HAPPY § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | No. SA-14-CA-201 |
| § | |
| LOWERY WALTER McNEIL § | |
| § | |
| Defendant § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jack Nelson Happy brought this civil action for contribution pursuant to 26 U.S.C. § 6672(d). A non-jury trial was held on January 12, 2015. The Court's findings of fact and conclusions of law are incorporated in this Opinion.

Plaintiff Jack Nelson Happy and Defendant Lowery Walter McNeil were principals in a corporation called Green Aggregates, Inc. Plaintiff Happy was a director of the corporation, and McNeil was president and chief financial officer. The corporation was required by law to withhold income taxes and social security contributions from the wages paid to its employees. It is undisputed that for several consecutive quarters, the corporation withheld the taxes and social security, but did not pay those funds to the Internal Revenue Service as required by law. The withheld funds were deemed to be held by the company "in trust" for the United States. 26 U.S.C. § 7501(a). In December 2007, Green

Aggregates filed for bankruptcy.[1]

At the time of its bankruptcy, Green Aggregates owed more than $300,000 in trust fund taxes to the Internal Revenue Service. Pursuant to 26 U.S.C. § 6672(a), the Internal Revenue Service assessed a Trust Fund Recovery Penalty (TFRP) against both McNeil and Happy. McNeil eventually settled the IRS claim against him for $30,000. McNeil testified at trial that he paid the IRS assessments for the fourth quarter of 2007 and the first quarter of 2008, in return for which the IRS withdrew the other assessments against him. Happy testified that he has paid the IRS $15,000, and that the balance of the unpaid penalty is approximately $325,000. Relying upon the provisions of 26 U.S.C. § 6672(d), Happy is seeking a judgment against McNeil for one-half of the $15,000 already paid, plus a declaratory judgment that McNeil is liable for one-half of every future payment made by Happy in satisfaction of the TFRP.

To be entitled to contribution under § 6672(d), Plaintiff Happy has the burden of proving that Defendant McNeil is a person who is liable for those penalties under § 6672(a). Liability for the Trust Fund Recovery Penalty is established if a person is (1) a "responsible person" (2) who has willfully failed to pay over the withheld taxes.

---

[1] It appears that Green Aggregates never emerged from bankruptcy. Its assets were eventually acquired by another company called Congress Materials LLC, which is now also in bankruptcy.

The Court finds that Plaintiff Happy has sustained his burden of proving that Defendant McNeil is a "responsible person." Happy has also proved by a preponderance of the evidence that McNeil acted "willfully."

Evidence that a responsible person paid other creditors while knowing that withheld funds were due and owing to the United States is sufficient to establish willfulness. **Barnett v. Internal Revenue Service**, 988 F.2d 1449, 1467 (5th Cir. 1993). At trial, Defendant McNeil admitted that he had paid, or caused others in the company to pay, other creditors with knowledge that Green Aggregates, Inc. had failed to pay over the withheld taxes to the United States. McNeil's defense is that (1) he did not make a "considered decision" not to pay over the withheld taxes, and (2) that Plaintiff Happy assured McNeil that he would raise the capital to take care of payment of the withheld taxes. These defenses cannot avail McNeil. Since he admits that he knew that the withholding taxes had not been paid to the Government at the time that he paid other creditors or paid his own salary, he cannot evade liability by attempting to shift the blame to Happy or anyone else. **Logal v. United States**, 195 F.3d 229, 232 (5th Cir. 1999). See also, **Sutton v. United States**, 194 F.Supp.2d 559, 566-67 (E.D. Tex. 2001).

The next question is whether Plaintiff Happy is entitled to contribution under § 6672(d). Happy has paid approximately $15,000

3

toward the TFRP, and seeks contribution from McNeil in the amount of $7,500.  He also seeks a declaratory judgment to the effect that the Court would order McNeil to reimburse Happy for fifty percent of every future payment made by Happy toward the satisfaction of the TFRP.  McNeil responds that Happy is entitled to no contribution at all until such time as he has paid his proportionate share of the outstanding penalty, which would be many times the $15,000 allegedly paid to date.

The statute authorizing contribution was enacted by Congress in 1996, and is codified as 26 U.S.C. § 6672(d).  It provides in pertinent part as follows:

> If more than 1 person is liable for the penalty under subsection (a) ... each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty.

Congress chose to use the past tense not once but twice.  The statute refers to "each person who **paid** such penalty" and also "the excess of the amount **paid** by such person."  No case law with respect to this matter has been cited by either the Plaintiff or the Defendant, and the Court's research has found none. However, the statute itself appears to be plain and unambiguous.  A responsible person who is liable for the penalty cannot seek contribution until he has paid his proportionate share of the penalty.

Finally, Defendant McNeil contends that Happy is barred from seeking contribution from him because the Internal Revenue Service determined that he was liable only for the last quarter of 2007 and the first quarter of 2008. However, Defendant McNeil has not supported his argument with any documentation of his settlement with the Internal Revenue Service. Even if he were to do so, McNeil's settlement might not bar Happy's claim for contribution. *See* **Verret v. United States**, 542 F.Supp.2d 526, 540 (E.D. Tex. 2008).

In summary, the Court holds that Defendant McNeil is a responsible person who willfully failed to pay over the withheld taxes, and that he is jointly and severally liable for the penalty imposed under § 6672(a). However, Plaintiff Happy is not presently entitled to contribution under § 6672(d), because he has paid only $15,000 toward the TFRP, and therefore, has not yet paid an amount equal to or more than his proportionate share.

IT IS THEREFORE ORDERED that Judgment be, and it is hereby, ENTERED in favor of Defendant Lowery Walter McNeil and that the Plaintiff's complaint against McNeil be, and it is hereby, DISMISSED without prejudice.

SIGNED AND ENTERED this 5th day of February, 2015.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE